THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ABNER NEFTALI AVALOS ARRONA<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:26-cv-00094<br><br>District Judge Robert J. Shelby |

Before the court is Petitioner Abner Neftali Avalos Arrona's Petition for Writ of Habeas Corpus.[1]  For the reasons set forth below, the court DENIES the Petition.

**BACKGROUND**

Avalos is a citizen of Mexico residing in Weber County, Utah.[2]  The facts surrounding Avalos's presence in the United States are disputed.  Avalos states he has resided continuously in the U.S. since 2011, when he entered the United States without inspection.[3]  The Government alleges Avalos was previously removed from the United States in 2013 pursuant to a final removal order.[4]  Avalos since returned to the United States at an unknown time.  On a date not specified in the Petition, Avalos was arrested by Immigration and Customs Enforcement (ICE)

---

[1] Dkt. 5, *Petition for Writ of Habeas Corpus* (*Petition*); *see* 28 U.S.C. § 2243 (authorizing the issuance of a writ of habeas corpus).

[2] *Petition* at 21.

[3] *Id.*

[4] Dkt. 9, *Respondents' Response to Order to Show Cause Why Petition for Habeas Corpus Should be Denied* (*Response*) at 3; *see also* Dkt. 9-1, *Record of Deportable/Inadmissible Alien* at 3; Dkt. 9-3, *Final Removal Order* at 3–5.

agents.[5]  Avalos is currently detained in Utah.[6]

On June 23, 2026, Avalos filed the Petition seeking his immediate release from ICE detention.[7]  Avalos also filed a Motion for Temporary Restraining Order (TRO) requesting the court issue a writ of habeas corpus ordering his immediate release, or, in the alternative, order a bond hearing before an immigration judge.[8]  Later that day, the court ordered Respondents show cause why the Petition should not be granted.[9]  The court also ordered Avalos serve the Petition and TRO Motion on the Respondents no later than Wednesday, June 24, 2026.[10]

On June 26, 2026, Respondents filed their Response to the Order to Show Cause.[11]  Avalos did not file a reply.[12]  The Petition is fully briefed and ripe for review.[13]

## LEGAL STANDARD

Habeas corpus "test[s] proceedings so fundamentally lawless that imprisonment pursuant to them is not merely erroneous but void."[14]  The court may issue a writ of habeas corpus if a petitioner is "in custody in violation of the Constitution or laws . . . of the United States."[15] Avalos bears the burden of establishing his detention is unlawful.[16]

---

[5] *See Petition* at 2, 5; *see also* Dkt. 2, *Emergency Motion for Temporary Restraining Order and Preliminary Injunction* (*TRO Motion*)at 2 (representing Avalos was arrested on June 22, 2026 while on his way to work).

[6] The Petition alleges Avalos is being detained in the Weber County Detention Center and the Tooele County Detention Center.  *See Petition* at 2, 18.

[7] *Petition* at 23–24.

[8] *TRO Motion*.

[9] Dkt. 7, *Order to Show Cause*.

[10] Dkt. 6, *Order*.

[11] *Response*.

[12] *See generally Docket*.  The court provided Avalos until June 30, 2026 to file a reply to Respondents' Response, should one be desired. *See Order to Show Cause* at 5.

[13] *Response*.

[14] *Fay v. Noia*, 372 U.S. 391, 423 (1963).

[15] 28 U.S.C. § 2241(c)(3).

[16] *See Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## ANALYSIS

Avalos challenges his detention on two grounds: (1) his detention violates the Immigration and Nationality Act (INA) and (2) continued detention violates his Fifth Amendment right to due process.[17]  The court considers—and denies—each claim in turn.

### I.    Violation of the INA

Avalos first asserts his detention violates the INA.[18]  Avalos argues because he was originally detained in Utah far from the border and long after he arrived in the United States, his detention is governed by 8 U.S.C § 1226.[19]  Noncitizens held under § 1226 are not subject to mandatory detention and are entitled to a bond hearing before an immigration judge.[20]  Respondents contend Avalos was previously removed subject to a final removal order in 2013, and he is therefore detained under 8 U.S.C. § 1231.[21]  Section 1231 governs the detention and removal of aliens who have been previously ordered removed.[22]  The statute provides when "an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed. . . ."[23]  Further, the statute requires the noncitizen be detained for the duration of the removal process.[24]

In their Response, Respondents provided documentation showing Avalos was previously

---

[17] *Petition* at 22–23.

[18] *Id.*

[19] *Id.* at 14–15.

[20] *See* 8 U.S.C. § 1226(a); *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

[21] *Response* at 5–7.

[22] 8 U.S.C. § 1231.

[23] *Id.* § 1231(a)(5).

[24] *Id.* § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien.").

removed pursuant to a final order of removal.[25]  Avalos did not file a reply contesting Respondents' assertion.  Accordingly, the court concludes he is being processed for removal subject to the 2013 final order of removal, which subjects him to mandatory detention under § 1231.  Avalos therefore fails to meet his burden of showing his detention violates the INA, and the court denies his request for relief on those grounds.

## II.      Due Process Concerns

The court now turns to Avalos's claim his detention violates his Fifth Amendment Right to due process.  Avalos argues that a 2006 regulation which allows the Secretary of Homeland Security to issue an automatic stay of an immigration judge's decision to grant bond to a noncitizen subject to removal proceedings violates his constitutional right to fair and impartial proceedings.[26]  However, the regulation is inapplicable to Avalos.  An immigration judge has not granted Avalos bond or otherwise ordered his release.  In fact, because Avalos is still subject to his previous final order of removal, he does not have a right to appear before an immigration judge as his prior order of removal is not reviewable.[27]  Accordingly, Avalos fails to meet his burden of showing his detention violates his due process rights.

### CONCLUSION

For the reasons explained above, the court DENIES Avalos's Petition for Habeas Corpus.[28]  The court also DENIES his TRO Motion as MOOT.[29]  The Clerk of Court is directed

---

[25] *Response* at 3; *Record of Deportable/Inadmissible Alien* at 3; *Final Removal Order* at 3–5.

[26] *Petition* at 15–21; *see also* 8 C.F.R. § 1003.19(i)(2) ("In any case in which DHS has determined that an alien should not be released or has set a bond of $10,000 or more, any order of the immigration judge authorizing release (on bond or otherwise) shall be stayed upon DHS's filing of a notice of intent to appeal the custody redetermination").

[27] *See* 8 U.S.C. § 1231(a)(5) (providing that a previously removed noncitizen's "prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.").

[28] Dkt. 1.

[29] Dkt. 2.

to close the case.

SO ORDERED this 2nd day of July 2026.

BY THE COURT

_____
JUDGE ROBERT J. SHELBY
United States District Court